**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**SIERRA CLUB and VALLEY WATCH, INC.,**

**Plaintiffs,**

**v.**

**LISA JACKSON, in her official capacity as Administrator of the United States Environmental Protection Agency,**

**Defendant.**

**Civil Action No. 09-00312**

**Hon. Ricardo M. Urbina**

# CONSENT DECREE

WHEREAS, Plaintiffs Sierra Club and Valley Watch, Inc. (collectively "Plaintiffs") filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant, Lisa P. Jackson, Administrator of the United States Environmental Protection Agency ("EPA"), failed to perform a nondiscretionary duty mandated by CAA section 505(b)(2), 42 § U.S.C. § 7661d, to grant or deny, within 60 days after submission, two administrative petitions requesting that EPA object to the proposed version of combined CAA Title V and Prevention of Significant Deterioration Permit No. V-07-017 ("Proposed Permit") issued by the Kentucky Department of Environmental Protection for the proposed Cash Creek Generating Station in Cash Creek, Kentucky ("Cash Creek Station").

WHEREAS, Plaintiffs and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation.

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter.

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint related to Plaintiffs' administrative petitions regarding the Proposed and to order the relief contained in this Decree. Venue is proper in the United States District Court for the District of Columbia.

2. By December 14, 2009, or within 3 days after entry of this Consent Decree, whichever date is later, EPA shall sign its response to Plaintiffs' administrative petitions dated January 31, 2008, and February 13, 2008, regarding the Proposed Permit. If, despite EPA's best efforts, it cannot sign its response to Plaintiffs' petitions by the deadline set forth in this Paragraph, the Parties may extend this deadline by 30 days or less by written stipulation executed by counsel for the Parties and filed with the Court. Extensions of this deadline for a period greater than 30 days may be granted pursuant to Paragraph 4 of this Decree.

3. Following the signature of its response pursuant to Paragraph 2 hereof, EPA shall expeditiously deliver notice of such action to the Office of the Federal Register for prompt publication. If that response is an objection to the Proposed Permit in whole or in part, within 15 days after signature EPA also shall transmit it to the Kentucky Environment and Public Protection Cabinet, Department for Environmental Protection, Division of Air Quality, 200 Fair Oaks Lane, First Floor, Frankfort, KY 40601, 502-564-4666 (Fax), pursuant to 40 C.F.R. § 70.7(g)(1).

4. Any provision of this Decree may be modified by the Court upon: (a) written stipulation of the Parties; or (b) a motion of any party to this Decree, pursuant to the Federal Rules of Civil Procedure, and consideration of any response by the non-moving party to this decree.

5. Plaintiffs and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

6. The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to execution of this Decree is hereby extended until 60 days after this Decree is entered by the Court. During this 60-day period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot, will submit that issue to the Court for resolution. Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

7. Nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Decree, including the discretion to alter, amend or revise any responses or final actions contemplated by this Decree. EPA's obligation to perform the actions specified in Paragraph 2 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

8. Nothing in this decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Proposed Permit.

9. Nothing in this Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA sections 307(b)(1) and 505, 42 U.S.C. §§ 7607(b)(1), 7661d. Nothing in the terms of this Decree shall be construed to waive any remedies or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10. The obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law. The possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the deadline established in Paragraph 2. Such situations include, but are not limited to, a government shut-down such as occurred in 1995 and 1996, or catastrophic environmental events requiring immediate and/or time-consuming response by EPA. Should a delay occur due to such circumstances, any resulting failure to meet the deadline set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadlines occurring within one hundred twenty (120) days of the termination of the circumstances causing the delay shall be extended one day for each day of the circumstances causing the delay. EPA will provide Plaintiffs with notice as soon as is reasonably possible under the circumstances in the event that EPA invokes this provision of the Consent Decree and will provide Plaintiffs with an explanation of EPA's basis for invoking this provision. Plaintiffs may challenge the invocation of this provision of the Consent Decree under the dispute resolution terms of this Consent Decree.

11 Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiffs:

DAVID C. BENDER
McGillivray, Westerberg & Bender LLC
305 S. Patterson St.
Madison, WI 53703
Tel. (608) 310-3556
Fax (608) 310-3561
bender@mwbattorneys.com

For Defendant:

HEATHER E. GANGE
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel. (202) 514-4206
Fax (202) 514-8865
Heather.Gange@usdoj.gov

MARK M. KATAOKA
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Tel. (202) 564-5584
Fax (202) 564-5603
Kataoka.Mark@epamail.epa.gov

JENNIFER LEWIS
U.S. Environmental Protection Agency
Office of Regional Counsel, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960
Tel. (404) 562-9518
Fax (404) 562-9486
Lewis.Jennifer@epamail.epa.gov

12. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

13. No motion or other proceeding seeking to enforce this Decree or for contempt of Court shall be properly filed unless Plaintiffs have followed the procedures set forth in Paragraph

11, and provided EPA with written notice received at least 10 business days before the filing of such motion.

14. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When EPA's obligations under Paragraphs 2 and 3 have been completed, and the Plaintiffs' claims for costs of litigation have been resolved pursuant to the process described in Paragraph 6, the above-captioned matter shall be dismissed with prejudice. EPA shall file the appropriate notice with the Court so that the Clerk may close the file.

15. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to Clean Air Act section 113(g), 42 U.S.C. § 7413(g). EPA shall expeditiously submit a public notice of this Consent Decree to the Federal Register for publication and public comment. After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the Clean Air Act. If the federal government elects not to withdraw or withhold consent to this Consent Decree, the parties shall promptly file a motion that requests the Court to enter this Consent Decree.

16. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

SO ORDERED on this ____ day of ______________, 2009.

______________________________
RICARDO URBINA
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS

DAVID C. BENDER
305 S. Patterson St.
Madison, WI 53703
Tel. (608) 310-3566
Fax (608) 310-3561
bender @mwbattorneys.com

DATED: 10-27-09

COUNSEL FOR DEFENDANT

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division

HEATHER E. GANGE
Trial Attorney
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 514-4206
Fax (202) 514-8865
Heather.Gange@usdoj.gov

DATED: 11/2/2009